[ iKLEES, Judge.
Plaintiff-appellant Beverly Davis appeals the trial court’s judgment finding defendant-appellee the State of Louisiana, through the Charity-Delgado School of Nursing and ABC Insurance Company, 60% at fault and Service Master 40% at fault for injuries sustained by Ms. Davis. Ms. Davis argues on appeal that the trial court erred in apportioning any fault to Service Master. She also argues that the trial court’s awards for damages concerning future medical costs and for loss of earning capacity should be increased. The State argues that the trial court committed manifest error in finding it strictly liable for Ms. Davis’ accident.
On October 20, 1992, Ms. Davis was a student attending class in Room 532 at the Charity-Delgado School of Nursing when the desk chair in which she was sitting broke from its support. Ms. Davis fell backwards onto the floor, and, as a result, she suffered serious neck and back injuries. Ms. Davis filed a Petition for Damages in the Civil District Court of Orleans Parish on November 17, 1992. On September 25, 1995, the trial court found the State, through Charity-Delgado, negligent and strictly liable for the defect which existed on the premises. On the issue of liability, the trial court found Service Master, the building management (who settled with plaintiff prior to trial), to be 40% liable and the State 60% liable. The trial court awarded Ms. Davis a total judgment of $347,952: $200,000 in general damages, $40,000 in future medical expenses, $5,048 in past medicals, $37,254 in past wages and $65,650 for lost earning capacity.
On appeal, Ms. Davis argues that the trial court erred in finding Service Master to be 40% at fault since the State, as premises owner, had a non-delegable duty to maintain its premises and should be found to be 100% liable. In its reasons for judgment, the trial court stated: “There’s no question that the State isjjjstrietly liable for the defect which existed in its premises. The Court believes also that Service Master did not comply with all of the terms of its contract”. Service Master was bound to provide support management services to the Louisiana Health Care Authority, Medical Center of Louisiana at New Orleans, formerly referred to as Charity Hospital of New Orleans, pursuant to a valid two year contract commencing on November 1, 1990. One of the buildings to be serviced by Service Master was the *1229 School of Nursing where Ms. Davis’ accident occurred. Service Master was bound by the contract to indemnify and hold the State harmless from “any liability which may be imposed against the State by reasons of the acts or omissions of Service Master”.
The trial court heard the testimony of Ms. Burvant, the administrative assistant for the Charity School of Nursing-Delgado Community College, who notified Service Master that she was concerned about the chairs in classrooms 508, 510 and 532 of the School of Nursing. Ms. Burvant received a copy of a memorandum on March 18, 1992 issued by Mr. Kelly, director of maintenance for Service Master, to his boss Mr. Christensen, which stated that the chairs in these classrooms might require work by outside welders. After receiving a copy of this memorandum, Ms. Burvant issued another request that the desks in Room 532, where Ms. Davis’ injury occurred, should be repaired. The record does not contain any evidence that anything was done about this request; there is only evidence of repairs done to chairs in rooms 508 and 510.
The State argues that the trial court committed error in finding it strictly liable under La.R.S. 9:2800. Under La.R.S. 9:2800:
“... no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity has actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.”
|3The State argues that Ms. Davis failed to prove that the State had actual or constructive notice of the defective chair in room 532. The trial testimony indicates that Ms. Bur-vant requested that repairs be made to chairs in room 532; thus, the State did have actual and constructive notice of the defect.
In its reasons for judgment, the trial court stated: “The Court believes that Service Master certainly should have indicated more clearly that it did not intend to make the necessary repairs ... ”. Concerning Ms. Burvant’s testimony, the trial court stated: “The Court believes that she certainly did not do everything reasonable and necessary to ensure that the repairs that she requested had been done ... ”. Thus, the trial court was correct to find that Service Master should be held 40% hable and the State should be held 60% liable for Ms. Davis’ accident.
Ms. Davis also argues on appeal that the trial court’s award for future medical expenses should be increased. Concerning the trial court’s award of $40,000 for future medical expenses, Ms. Davis maintains that the evidence shows that the future medical expenses will exceed $55,000 and the record contains no evidence to contradict this estimate. However, the record includes the testimony of Dr. Brown, a radiologist, who questions Dr. Philips’ diagnosis that Ms. Davis had a herniated lumbar disc and a herniated cervical disc requiring surgeries. Also, the latest MRI report in the record does not reveal a disc herniation. Thus, in light of this testimony and evidence, the trial court did not abuse its discretion in determining the amount of future medical expenses.
Ms. Davis also argues on appeal that the trial court’s award for loss of earning capacity ($65,650) should be increased. The record does not establish that Ms. Davis would have ever worked as a licensed practical nurse or as a registered nurse since she was not in nursing school when she was injured. At the time of her accident, Ms. Davis was only taking classes that were prerequisites for applying to nursing school. In fact, Ms. Davis received failing mid-term grades in |4two of the prerequisite courses required for nursing school. The testimony regarding Ms. Davis loss of earning capacity as a LPN or RN is only speculative. Thus, the trial court did not abuse its discretion in its award for loss of earning capacity.
Accordingly, we affirm the trial court’s judgment finding Service Master 40% liable and the State 60% liable for Ms. Davis’ accident. Also, we find the trial court did not abuse its discretion in its awards for future *1230 medical expenses and loss of earning capacity.

AFFIRMED.

BARRY, J., concurs in the result.